■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BILLIE ROY LEWIS, Appellant.— In a proceeding to establish paternity pursuant to section 122 of the Domestic Relations Law, the alleged father appeals from two orders of the former Children's Court, Suffolk County (now the Family Court), entered October 24, 1961 after a nonjury trial, one adjudging him to be the father of the child and one directing him to pay $5 per week for the support, maintenance and education of the child beginning October 27, 1961. Orders reversed, on the law and on the facts, without costs and a new trial ordered. The findings of fact implicit in the trial court's disposition are reversed. In our opinion, the petitioner, a married woman, failed to adduce sufficiently "clear, convincing and entirely satisfactory" evidence to overcome the presumption of legitimacy of her child (*Matter of Findlay,* 253 N. Y. 1). Petitioner's unsupported testimony that her husband was impotent; that after six years of sharing the same bed with her husband she remained a virgin; and that, in the terminal period of such marital relationship, her first, full sexual experiences were with appellant, failed to overcome the presumption of legitimacy (*Matter of Lane* v. *Eno,* 277 App. Div. 324). In view of petitioner's continued residence with her husband, and the facts that the blood grouping tests did not eliminate the husband as the putative father and that the child's birth certificate bears the name of the husband as parent, it may be concluded that the presumption of legitimacy was not rebutted (*Moy Mee Soo* v. *Leong Yook Yick,* 21 A D 2d 45). On a new trial the proof should include, *inter alia,* competent medical and laboratory evidence as to the husband's claimed impotency (see, Boardman's New York Family Law, § 115, n. 2.1, p. 459), to corroborate petitioner's testimony regarding such impotency, and explanation as to the contents of the birth certificate. The

568

appellant, if so advised, may likewise formally controvert the claim of paternity, an issue with respect to which he remained silent in the present record. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.